IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RONALD DANIEL, | § | |
| | § | |
| V. | § | A-07-CA-1030-SS |
| | § | |
| NATHANIEL QUARTERMAN, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

To:     The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's claims for habeas corpus relief under 28 U.S.C. § 2254 (Document 1); Petitioner's Brief in Support of Petition for Writ of Habeas Corpus (Document 2); Respondent's Answer (Document 11); and Petitioner's response thereto (Document 13). Petitioner, has paid the applicable filing fee for this case. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

STATEMENT OF THE CASE

**A.     Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 167th Judicial District Court of Travis County, Texas, in cause number 2010719. Petitioner is not challenging his holding conviction in his habeas corpus application. Rather, Petitioner challenges prison disciplinary case number 20070277021.

On June 11, 2007, Petitioner was found guilty of public masturbation, a Level 2, Code 20.0 violation of the TDCJ-CID Disciplinary Rules and Procedures for Offenders Handbook.  As a result of the disciplinary hearing, Petitioner received a reduction in line class from L1 to L3 and a forfeiture of 30 days of good conduct credits.  (DHR at 1,8-9; DHT).  Petitioner filed a Step 1 grievance appealing the disciplinary proceeding on June 15, 2007.  (Disciplinary Grievance Records ("DGR") at 1).  It was denied on July 2, 2007.  (DGR at 2).  On July 5, 2007, Petitioner filed a Step 2 grievance, appealing the outcome of the correlating Step 1 grievance.  (DGR at 3). It was denied on July 23, 2007.  (DGR at 4).

On December 17, 2007, Petitioner executed his federal application for habeas corpus relief. He argues his due process rights were violated when a TDCJ prison official found him guilty of the disciplinary infraction without presenting any evidence to support the finding, as Petitioner argues no evidence was presented establishing Petitioner's cell living area a "public" place.

## DISCUSSION AND ANALYSIS

### A.    Reduction in Time Earning Class

To the extent Petitioner challenges his change in time-earning class these allegations do not present grounds for federal habeas corpus relief.  The Fifth Circuit has held the timing of a petitioner's release on mandatory supervision is too speculative to afford him a constitutionally cognizable claim to the "right" to a particular time-earning status, which right the Texas legislature has specifically denied creating.  Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000).

### B.    Loss of Good Time Credits

Challenges to disciplinary proceedings do not generally raise a cognizable constitutional violation unless the petitioner has lost good time credits and is eligible for mandatory supervision.

2

See Malchi, 211 F.3d at 957-58; Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). Respondent acknowledges Petitioner is eligible for mandatory supervision, and Petitioner has lost good time credits as a result of his disciplinary proceeding.

In Henson v. United States Bureau of Prisons, 213 F.3d 897 (5th Cir. 2000), the Fifth Circuit explained:

> When a prisoner has a liberty interest in good time credit, revocation of such credit must comply with minimal procedural requirements. See Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454, 105 S. Ct. 2768 (1985) (noting the usual procedural requirements which must be observed – notice, an opportunity to present evidence, and written findings in support of the ruling – and stating that "some evidence" must support the ruling). These requirements are flexible, however, and must necessarily be balanced against legitimate penological interests. See id.; Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L. Ed.2d 935 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.").

Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision. Broussard v. Johnson, 253 F.3d 874, 877 (5th Cir. 2001) (citing Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir.1981)). On federal habeas review of prison disciplinary hearings, "the standard to be applied is whether or not actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion." Smith v. Rabalais, 659 F.2d at 545.

1. Notice

The administrative records indicate Petitioner was notified of the disciplinary charges on June 8, 2007. (DHR at 1). Petitioner's hearing was on June 11, 2007. Id. Accordingly, Petitioner received the requisite notice.

2.      Opportunity to Present Evidence

The record indicates Petitioner was informed of his right to call witnesses and present documentary evidence. However, Petitioner did not request any witnesses or documentary evidence.

3.      Written Findings in Support of the Ruling

Petitioner does not dispute the fact that he received written findings in support of the hearing officer's ruling and finding of guilt.

4.      Some Evidence

The findings of a prison disciplinary hearing are not subject to review by this court unless they are arbitrary and capricious. Banuelos v. McFarland, 41 F.3d 232, 234 (5th Cir. 1995). In reviewing such findings, the only question before this Court is whether the decision made was supported by "some" evidence. Broussard v. Johnson, 253 F.3d 874, 876 (5th Cir. 2001) (citing Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 454, 105 S. Ct. 2768, 2774 (1985)); Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998).

In reviewing the disciplinary records and disciplinary tape for Petitioner, the Court finds there was "some" evidence to support the hearing officer's finding of guilt. In this case, the evidence consists of Petitioner's testimony and the charging officer's report and testimony. (DHR 1-3). The evidence introduced at the hearing indicates Officer Drenner observed Petitioner sitting on his toilet masturbating on June 2, 2007, as she was counting on "3 row." Petitioner denied he was masturbating, explaining he was using the toilet and trying to cover up. Officer Drenner was asked how she determined Petitioner was masturbating. She explained Petitioner was sitting on the toilet with his penis up in the air with his hand on his penis, stroking it up and down. This is "some" evidence to support Petitioner's disciplinary action for masturbating in public. Petitioner's claim

that there is insufficient evidence to find him guilty amounts to nothing more than a disagreement with the fact-finder's resolution of any conflicts in the evidence.

In addition, a prison cell, the interior of which is visible to passers by, is sufficiently "public" for purposes of corresponding with the allegations made in the offense report.  Birdo v. Dretke, No. 2:04-CV-0200, 2006 WL 1882096 at *7 (N.D. Tex. July 7, 2006) (unpublished); Diaz v. Director, No. 6:07-CV-174, 2007 WL 4561608 at *10 (E.D. Tex. Dec. 21, 2007) (unpublished) (concluding the regulation prohibiting public masturbation is not so vague that a person of reasonable intelligence could not understand what is prohibited).[1]

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

---

[1] Moreover, Respondent indicates Petitioner has been disciplined for violations of Code 20 - Sexual Misconduct, on 17 separate occasions, and knows by experience what is forbidden.

district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 9th day of May, 2008.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE